# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:12cr121 |
| | § | (Judge Schell) |
| CESAR ALBERTO PUENTE | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on November 16, 2012, to determine whether Defendant violated his supervised release. Defendant was represented by Bill Cox. The Government was represented by Ernest Gonzalez.

On November 3, 2000, Defendant was sentenced by the Honorable Barbara M.G. Lynn to one hundred and twenty (120) months' custody followed by five (5) years of supervised release for the offense of Conspiracy to Possess with Intent to Distribute in Excess of 5 Kilograms of Cocaine. On March 7, 2008, Defendant completed his period of imprisonment and began service of his supervised term. On June 14, 2012, this case was transferred to this court and assigned to the Honorable Richard A. Schell.

On December 19, 2011, the U.S. Probation Officer executed a Petition for Warrant for Offender Under Supervision. The petition asserted that Defendant violated several mandatory conditions. It was asserted that Defendant violated the following mandatory conditions: (1) the defendant shall not commit another federal, state, or local crime; (2) the defendant shall not illegally possess a controlled substance.

The petition alleges that Defendant committed the following act: (1) On July 26, 2011,

Defendant was arrested in the Eastern District of Texas, Sherman Division, and charged with Conspiracy to Possess With the Intent to Distribute 100 Kilograms or More of Marijuana, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1), in Case No. 4:11-CR-150-RAS-DDB; and (2) On December 1, 2011, Defendant pleaded guilty to this charge and was awaiting sentencing. Defendant committed the offense from sometime in or about January 2011, and continuously thereafter up to and including August 10, 2011.

Prior to the Government putting on its case, Defendant entered a plea of true to all allegations. The Court recommends that Defendant's supervised release be revoked.

## **RECOMMENDATION**

The Court recommends that the District Judge revoke Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-four (24) months, to be served consecutively to any sentence of imprisonment that Defendant is serving, with no supervised release to follow. It is also recommended that Defendant be housed in the Bureau of Prisons, Fort Worth.

After the Court announced the recommended sentence, Defendant executed the consent to revocation of supervised release and waiver of right to be present and speak at sentencing. Defendant and the Government also waived their right to file objections.

**SIGNED this 19th day of November, 2012.**


AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE